# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Vivaldi Servicios de Seguridad, Inc.** <br><br> Plaintiff <br><br> v. <br><br> Jorge W. Maisonet-Rivera, William Maisonet-Rodríguez, his wife Evelyn Rivera and The Conjugal Partnership constituted between them; <br> Maiso Group Corp., Transcripciones Jorev Corp., Lending Ease Corp., Inopalt Inc., Kitcor Inc., Corporation A, Insurance Company A, John Doe, Jane Doe. <br><br> Defendants | Civil No. 3:18-cv-01061-WGY <br><br><br><br><br> **RE:** RICO Act; Breach of Contract and Damages; State Actions |

## OPPOSITION TO RE-FILING OF AMENDED COMPLAINT
## UNDER FUTILITY GROUNDINGS

TO THE HONORABLE COURT:

COMES NOW, Defendants Jorge W. Maisonet-Rivera and *nominal* Maiso Group, Transcripciones Jorev Corp., Lending Ease Corp., Inopalt Inc. and Kitcor Inc. represented by their undersigned attorney, and on the second part, Defendants William Maisonet-Rodríguez, his wife Evelyn Rivera *and the Conjugal Partnership constituted between them represented by their undersigned attorney, all of which, for purposes of the instant motion only, join their defense, and respectfully state and pray:

## I. INTRODUCTION

On April 19th, 2018 this Honorable Court granted dismissal of complaint without prejudice based on our Motion to dismiss on multiple grounds, in particular, the complaint's lack of specific allegations on the continuity requirement under RICO. On May 14th, 2018, Plaintiff filed a ten (10) day request for extension of time construed as "Motion for Leave to Amend the Complaint" to file an amended complaint instead of a motion with grounds for the Court to consider (or not) granting a leave to file an amended complaint.

We are therefore herein filing our opposition to a leave to file amended complaint before addressing the amended complaint as a whole, as authorized to defendants by this Honorable Court in a fifteen (15) day time frame. The fifteen (15) day count is due on July 5th, 2018, (after the 4th of July Holyday celebration). We will only address the 'amended' defect of lack of continuity allegations, which were added to the amended complaint to inflate and disguise that this defect is subsumable.[1]

As established in our Motion to Dismiss, this Amended Complaint doesn't meet the standards and specifications of Plaintiff's business, and the questions necessary for credibility standards for a RICO act claim as the monetary amounts affirmatively included in the pleadings don't add up to the grand total vaguely and approximately alleged in most of the summarized pleadings failing to establish a proximate cause of alleged damages.

---

[1] The Supreme Court has required that "'the racketeering predicates [be] related, and that they amount to or pose a threat of continued criminal activity.'" Giuliano v. Fulton, 399 F.3d 381, 386-87 (1st Cir. 2005) (quoting H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989)). The latter requirement is called the "continuity" requirement. Giuliano, 399 F. 3d at 386-87, (citing Efron v. Embassy Suites (P.R.), Inc., 223 F.3d 12, 15 (1st Cir. 2000)).

## II. STANDARD FOR DISMISSAL

**'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.' " "If a party opposes a motion to amend […] on the grounds of futility, the court applies the same standard to its determination of the motion that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."** <u>Home Orthopedics v. Raúl Rodríguez</u>, et al 1st Cir 2015." While neither the magistrate nor district court judges used the term specifically, they essentially ruled that allowing another amendment would be futile. (" 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."). See Glassman 90 F. 3d at 623.

This case law explained that adding further details of [the defendants'] associations, their illegalities, [and] their scheme to illegally harm [ ] are only in possession of defendants themselves," The First Circuit Court of Appeals didn't see— what additional information from the defendants would conceivably help nudge the facts of this case into a "pattern of racketeering**.**" Given that Home Orthopedics offered no other law (or reasoning) as to why it should have been permitted discovery [ as Vivaldi requested time for a forensic discovery] even though its complaint failed to state a claim, Court found that its generic argument were waived for lack of development. See Zannino, 895 F.2d at 17.

A pleading standard is applicable to ordinary fraud claims, an even higher standard is applicable to claims under RICO." Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir. 1991). For this reason, courts are highly advised to "strive to flush out frivolous [civil] RICO allegations at an early stage of the litigation." Figueroa Ruiz v. Alegria*,* 896 F.2d 645, 650 (1st Cir.1990). See also Birch St. Recovery Corp. v. Thomas, 2000 U.S. Dist. LEXIS 12172, 8 (D.N.H. 2000).

Thus, a thorough examination of the pleadings becomes paramount when determining whether a civil RICO complaint can survive dismissal. [A district court's denial of a motion to file an

amended complaint for abuse of discretion]. See Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir.1996). Torres–Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir.2007) (quotations omitted).

Legitimate reasons for denying a motion to amend include "undue delay, bad faith, futility and the absence of due diligence on the movant's part." Id. (citation and quotations omitted). In denying [a] motion to amend, the district court adopted [a] magistrate judge's reasoning that an additional amendment would "do little more than further waste the time of the courts and litigants."

### III. DISCUSSION

In order to possess RICO standing, injuries "…must be 'concrete and actual,' as opposed to speculative and amorphous." Evans v. City of Chicago, 434 F.3d 916, 932 (7th Cir. 2006), *overruled on other grounds by* Hill v. Tangherlini, 724 F.3d 965, 967 n.1 (7th Cir. 2013). As such, "[i]f any proposition under RICO is well-established, it is that **a RICO damages claim may not be based on mere speculation**." Circiello v. Alfano, 612 F. Supp. 2d 111, 114 (D. Mass. 2009) (emphasis supplied). See, World Wrestling Entm't, Inc. v. Jakks Pac., Inc., 530 F. Supp. 2d 486, 520-21 (S.D.N.Y. 2007), *aff'd*, 328 F. App'x 695 (2d Cir. 2009) ("[T]he requirement of a concrete financial loss proximately caused by the wrongful conduct of RICO defendants is not easily met.") Both "proximate" causation and "but-for" causation must be satisfied in order to have standing to sue under RICO. Holmes, 503 U.S. at 268.

Alleged Plaintiff's damages are speculative of future endeavors they wished to perform, such as: recruiting more personnel, acquiring patrolling vehicles, and such, which make their damages speculative since those endeavors are based on asset/equity and capital gains calculation that might or might not be obtained as part of a start-up company. As stated above, a RICO damages claim may not be based on mere speculation and that is precisely what Plaintiff reaffirms in its "Amended Complaint" repeating speculative allegations contained in the original complaint. For example, in the original complaint Plaintiff alleges damages in excess of $2,280,028.00 (page 2, paragraph 1 of

original complaint) and in its "amended complaint" the sum is excess of $2,260,000.00 (page 3, 1st paragraph).

The specificity requirement under Rule 9(b) must be met for each particular defendant. Alleging specific instances of fraud with regards to one particular defendant is not enough to plead fraud by the other defendants. See, 2 Moore's Federal Practice § 9.03[1][f] ("the claimant must make **specific and separate allegations against each defendant**.") (emphasis supplied). These **"guilt-by-association" contentions** have been rejected by the courts. In re Pharm. Indus. Average Wholesale Price Litig., 307 F. Supp. 2d 196, 209 (D. Mass. 2004); see also Sebago, 18 F. Supp. 2d at 79. To wit, "[r]ule 9(b) **does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant**…**and inform each defendant separately of the allegations surrounding his alleged participation in the fraud**." Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (emphasis supplied). Clearly, Plaintiff's block-style allegations against the so-called Maiso Group participants just because it has a root last name that seemingly unifies them but doesn't affirmatively unifies independent companies, employees, services and list of clients, for instance, all fail to comply with the specificity requirements of Rule 9(b). In the "amended complaint" Plaintiff states that Jorge Maisonet Rivera, Willaim Maisonet Rodriguez and Evelyn Rivera are all administrators and "de facto" partners (pg. 4 continuing on pg. 5 of amended complaint) which is exactly what it alleges in the original complaint (pg. 4 and continuing on pg. 5). Plaintiff continues to lump all defendants without alleging specific acts in the context of "who, when, where, what and how" of each defendant.

It is evident that Plaintiff, in order to prevent compliance with the requirements of a RICO Act's specificity of whom they allege committed the predicated acts, mentions "MAISO GROUP" as a whole but on the other hand, mentions aliases or fictitious names that correspond to César Vivaldi,

Carlos, or other individuals not assertively mentioned as required in bank transactions under FDIC monitoring.

"…plaintiff is required 'to go beyond a showing of fraud and state the *time, place and content* of the alleged wire [transfer] perpetrating that fraud*.*'" Uviles, 443 F. Supp. 2d at 237.

Here, Plaintiff's contentions as to Defendants' supposed performance of any "predicate acts" of wire fraud fail to comply with Rule 9(b).

In short, Plaintiff does not comply with the pleading requirements regarding the existence of any "predicate act" against defendants, as it fails to identify the "who, what, when, where and how" of the supposed fraudulent actions asserted against them. Thus, the Complaint should be dismissed with prejudice.

**A. Plaintiffs fail to properly plead the existence of an *enterprise.***

"The existence of an enterprise at all times remains a separate element which must be proved". United States v. Turkette, 452 U.S. 576, 583 (1981). See, Cedric Kushner Ltd. v. King, 533 U.S. 158, 161 (2001) ("[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same "person" referred to by a different name."); see also Bessette v. Avco Fin. Servs., Inc., 230 F.3d 439, 448 (1st Cir. 2000) (the "person" alleged to be engaged in a racketeering activity must be distinct from the "enterprise").

There are only two basic categories of RICO *enterprises*: legal entities and associations-in-fact. See, 18 U.S.C. § 1961(4). The first category (legal entity) is not applicable in this case, and, therefore, the focus here are the various requirements necessary to prove the existence of an association-in-fact enterprise. These are:

> First, ***the enterprise must be an "ongoing organization"***. This requirement is satisfied by showing that some sort of structure exists within the group for the

> making of decisions, whether it be hierarchical or consensual. There must be a mechanism for controlling the group on a constant basis rather than an ad-hoc basis. Second, *the various members must function as a continuing unit*. Thus, each person must perform a role in the group consistent with the organizational structure established by the first element and which furthers the activities of the organization. Third, *that the organization must be an entity separate and apart from the pattern of activity which it engages*. The plaintiff is required to plead specific facts which establish that the association exists for purposes other than simply to commit the predicate acts.

Ponce Fed. Bank, F.S.B. v. Muñoz, 1996 U.S. Dist. LEXIS 15103, 45-46 (D.P.R. July 1996) (emphasis supplied) (citing Libertad v. Welch, 854 F. Supp. 19, 26 (D.P.R. 1993)).

The Amended Complaint identifies the operations of the so-called Maiso Group enterprise with very broad strokes. For starters, the Complaint states that the Maiso Group enterprise is composed of all the Defendants. In other words, the Defendants and the supposed enterprise are exactly the same entities, thus the Complaint fails to adequately allege the existence of a separate *enterprise*. See, Miranda, 948 F.2d at 44-45 ("[T]he same entity cannot do double duty as both the RICO defendant and the RICO enterprise.").

The Amended Complaint fails to allege: (i) the existence of a hierarchical or consensual structure for the Enterprise; (ii) of any mechanisms for decision-making between the different co-Defendants; (iii) the particular role for each of the co-Defendants as part of the alleged Enterprise; and (iv) how the role of these co-Defendants is consistent with the organizational structure established.

Absent any assertion as to the particular role, functions, organization and structure of the supposed Enterprise, and the participation and coordination therein between the different co-Defendants, Plaintiffs cannot meet the *enterprise* prong of a RICO claim.

Moreover, Plaintiffs fail to explain how the various members of the alleged Group function as a "continuing unit," which is a fundamental requirement for an association-in-fact *enterprise*. Boyle v. United States, 556 U.S. 938, 946 (2009). In the instant case, the alleged members have no common

purpose because they have fundamentally **different interests**. See, Gregory P. Joseph, Civil RICO: A Definitive Guide 93–94 (3d ed. 2010) ("If the constituents are acting independently or at cross purposes—or if the allegation of common purpose is purely conclusory—this prong will not be satisfied."). Each co-Defendant in this case has completely different interests. Therefore, the "common purpose" requirement is not met. **Specifically, in the "amended complaint" Plaintiff references that one defendant is an accountant, another is an attorney and the other is a transcriber. In fact, Plaintiff offers proof that an enterprise is non-existant when it alleges that one of the transcription business' clients is the Department of Justice of Puerto Rico, clearly acting independently with different interests (pg. 8, paragraph 8 of the amended complaint).**

    B.  Plaintiffs also fail to show a *pattern*.

A *pattern* of racketeering activity "requires at least two acts of racketeering activity…after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). While a minimum of two predicate acts is required to satisfy the pattern requirement, this is not sufficient in and on itself. See, H. J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 238 (1989) (RICO's legislative history leaves no doubt that "there is something to a RICO pattern *beyond* simply the number of predicate acts involved"). Thus, "[f]or there to be a pattern, a plaintiff must demonstrate not only the existence of two or more predicate acts, but also that they are **related** [(i.e., the "relatedness test")] and pose at least a **threat of continued criminal activity** [(i.e, the "continuity test")]." Feinstein v. Resolution Trust Corp., 942 F.2d 34, 44 (1st Cir. 1991) (emphasis supplied); Birch, 2000 U.S. Dist. LEXIS 12172 at 37.

The relatedness test is usually met by showing that the predicate acts have **the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.** H.J., 492 U.S. at 240; Fleet Credit Corp. v. Sion, 893 F.2d 441, 444 (1st Cir. 1990). As previously discussed, the Complaint fails to present sufficient specific factual assertions with regards to the alleged relationship between

the co-Defendants. As such, Plaintiffs' generic conclusory allegations in the Complaint do not satisfy the relatedness test.

Similarly, the Amended Complaint also fails under the continuity test, which is scrutinized under two different methodologies: (i) the "amounting to" and (ii) the "threat" approach. Plaintiffs are unable to satisfy the *continuity test* under either of these approaches. First, under the "amounting to" approach, "[f]or there to be continuity, the plaintiff must show that the related predicates 'amounted to, or posed a threat of, continued criminal activity.'" Feinstein, 942 F.2d at 44 (quoting Sion, 893 F.2d at 445-46). "To establish continuity by the first method, a plaintiff must establish that the predicate acts extended over a substantial period of time." Birch, 2000 U.S. Dist. LEXIS 12172 at 39 (citation omitted). "Because RICO was intended by Congress to apply only to enduring criminal conduct, 'predicate acts extending over a few weeks or months…do not satisfy this requirement.'" Feinstein, 942 F.2d at 44 (quoting H.J., 492 U.S. at 242). See*, e.g.,* Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1418 (3d Cir. 1991) (eight-month period of fraudulent activity did not constitute a pattern, absent threat of future criminal acts); Parcoil Corp. v. Nowsco Well Service, Ltd., 887 F.2d 502, 503-05 (4th Cir. 1989) ; Sutherland v. O'Malley, 882 F.2d 1196, 1204-05 (7th Cir. 1989); see, generally H.J., 492 U.S. at 242-43; Sion, 893 F.2d at 447.

In contrast, under the "threat" approach, it has long been established in the First Circuit that, "in assessing the longevity of a RICO**, the scheme's duration must be measured by reference to the particular defendant's fraudulent activity, rather than by otherwise innocuous or routine transactions that may continue for a long period of time thereafter**." Feinstein, 942 F.2d at 46 (citing Kehr Packages, 926 F.2d at 1418).

The Amended Complaint fails under both approaches. Under the "amounting to approach," the problem for Plaintiffs is that the few allegations that specifically mention defendants cover very short periods of time. In addition to the fact that none of the alleged actions asserted against defendants constitute, in and of themselves, any predicate acts under RICO, defendant's supposed involvement

spanned a short period of time between 2015 and 2017 (or 2015, at most) and Plaintiffs asserts that defendants had legal access to their account. This is precisely the sort of "**sporadic activity**" that RICO is not intended to target. H.J., 492 U.S. at 239 - 242; Sedima, 473 U.S. at 496 n. 14.

The Amended Complaint also fails under the "threat approach" because Plaintiff fails to specify defendant's alleged fraudulent activity, and how the same may have had a realistic prospect of continuity over an open-ended period yet to come. The Complaint is devoid of any allegations or assertions with regards to defendants as to periods beyond 2015, which is not sufficient to show a court that there exists an open-ended threat that defendants would commit any alleged fraudulent acts in the future.  Plaintiffs conveniently sum up the instances when mentioning approximate grand totals with a vague approach.

In sum, Plaintiffs fail to plausibly allege that there exists an open-ended threat that defendants have been involved or will continue to participate in a *pattern* of racketeering activities in the future.

of a claim."The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which**,** if reasonably diligent, would have led to the discovery of the fraud." *Id.* (citations omitted). **Plaintiff attempts to circumvent its "threat approach" failure by stating false allegations concerning three (3) commercial entities that are not parties to this suit nor bringing forth any specific and concrete evidence of any RICO act or acts (pg. 15, paragraph 26 of amended complaint) to satisfy RICO requirements.**

The reason that Plaintiff should have known of these facts is that they were easily discoverable if they kept themselves informed of the events closely related to the supposed "scheme" alluded in the Complaint. Evidently, Plaintiffs were not diligent in seeking to obtain the bank account balance sheets, payroll payments, requested services receipts, invoices, bills, and assets versus debts statements, and therefore there is no question that Plaintiffs' causes of action against defendants are a result of their negligence.

In sum, Plaintiffs' RICO claims cannot proceed because, in order to show their supposed "damages", the Complaint is dependent on challenging the rates charged to them by defendants, which challenge is precluded under the "filed rate" doctrine.

### IV. CONCLUSION

Finally, Plaintiff skips important questions and simply refuse to address the *what, when, where* and *how* inquiries required, including failing to identify the persons to whom and by whom the alleged misrepresentations were made and can't be disguised under aliases, presumptions and constructions on their own of what Plaintiff believes is the so-called Maiso Group. In sum, this Court can and should dismiss the Complaint with prejudice. Figueroa Ruiz, 896 F.zd 645, 650. There can be no question that Plaintiff flunk the plausibility standard that they were required to meet before submitting Defendants to this sort of "stigmatizing" and costly litigation. Miranda, 948 F. 2d. at 41, 44.

Plaintiff has put forth defamatory, irrational and delusional statements against Defendants, such as: purporting that the "so-called MAISO GROUP could or bought Plaintiff's stocks as a *de facto* entity. All defamatory allegations in this Amended Complaint are speculative, baseless and highly damaging to the reputation of Defendants, their professions and their personal life. These conclusory statements were included in the original complaint and expounded in the amended complaint with clear and abusive disregard for the need to substantiate such allegations (pg. 8, paragraph 9; pg. 9 and 10, paragraph 13, subparagraphs A-H; pag. 10, paragraph 14; pg. 10, paragraph 15; pg. 11, paragraph 16; pg. 16, paragraph 28; pg. 17, paragraph 30; pg. 17, paragraph 31; pg. 23, paragraph 40.

**WHEREFORE**, defendants respectfully request that the Honorable Court grant this Motion in its entirety, and dismiss the Amended Complaint for being a futile exercise, with prejudice.

PRAYER FOR RELIEF

For the reasons set forth above, Defendants request from this Court to grant this Motion and all other reliefs to which Defendants may be entitled.

Respectfully submitted by party through their counsel:

<u>July the 5th, 2018</u>  
Date

/s/ <u>Atabey Lamela Gandía</u>  
USDC-PR No. 229612  
P.O. Box 194829  
San Juan, P.R. 00919-4829  
Telephone: (787) 960-7780  
<u>lcda.lamela@hotmail.com</u>

/s/Ramón Muñiz-Santiago  
USDC 127407  
P.O. Box 8936  
Bayamón, PR 00960-8936  
787-478-2792  
<u>mb.lawoffice@yahoo.com</u>

**CERTIFICATE OF SERVICE**

I hereby certify that on July the 5th, 2018 a copy of the foregoing document was filed electronically. Notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ *Atabey Lamela Gandía*
Atabey Lamela Gandía

*/s/ Ramón Muñiz-Santiago*
Ramón Muñiz-Santiago